

IN THE
TENTH COURT OF APPEALS

No. 10-14-00030-CR

**DARRYL DEWAYNE WILLIAMS,**

                                                            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                            **Appellee**

From the 19th District Court
McLennan County, Texas
Trial Court No. 2012-750-C1

## MEMORANDUM  OPINION

The jury convicted Darryl Dewayne Williams of delivery of a controlled substance,

cocaine, in a drug free zone.  The jury found the enhancement paragraphs to be true and

assessed punishment at confinement for life.  We affirm.

### Background Facts

There is no challenge to the sufficiency of the evidence. Officer John Allovio, with

the Waco Police Department, testified that he received information from a confidential

informant that Williams was selling cocaine.  Officer Allovio asked the confidential

informant to call Williams and arrange a purchase of cocaine. Officer Allovio and the confidential informant drove to Williams's residence, and they each purchased cocaine from Williams. The residence was located within 1000 feet of a school.

## Jury Charge

In his first issue, Williams argues that the trial court erred in not supplementing the jury charge instruction on the effect of good conduct time. Article 37.07 of the Texas Code of Criminal procedure states:

> Sec. 4. (a) In the penalty phase of the trial of a felony case … the court shall charge the jury in writing as follows:
>
> "Under the law applicable in this case, the defendant, if sentenced to a term of imprisonment, may earn time off the period of incarceration imposed through the award of good conduct time. Prison authorities may award good conduct time to a prisoner who exhibits good behavior, diligence in carrying out prison work assignments, and attempts at rehabilitation. If a prisoner engages in misconduct, prison authorities may also take away all or part of any good conduct time earned by the prisoner.
>
> "It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.
>
> "Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time he may earn. If the defendant is sentenced to a term of less than four years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.
>
> "It cannot accurately be predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.
>
> "You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct

> time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant."

TEX. CODE CRIM. PRO. ANN. art. 37.07 §4(a) (West Supp. 2014). The trial court instructed the jury as required by Article 37.07 §4(a). Williams's trial counsel did not object to the charge.

Williams argues that the instruction improperly implies that a person may be released from prison early and without supervision solely due to accruing good conduct time. He contends that the trial court should have supplemented the instruction to avoid confusion.

We have previously decided this issue against Williams's position, and we are not persuaded to reconsider our ruling. *See Lopez v. State*, No. 10-12-00282-CR, 2013 Tex. App. LEXIS 1229 (Tex.App. – Waco Feb. 7, 2013, pet. ref'd); *Paez v. State*, No. 10-12-00091-CR, 2012 Tex.App. LEXIS 9121 (Tex. App. – Waco November 1, 2012, pet. ref'd); *Mathews v. State*, No. 10-12-00046-CR, 2012 Tex. App. LEXIS7480 at *2 (Tex. App.—Waco Aug. 30, 2012, no pet. h.); *Gaither v. State*, No. 10-11-00129-CR, 2012 Tex. App. LEXIS 5252 at *3, (Tex. App.—Waco June 27, 2012, no pet. h.). We overrule the first issue.

In his second issue, Williams complains that the trial court erred in instructing the jury during the punishment phase of the trial not to consider "sympathy" in its deliberations. The trial court instructed the jury, "Do not let personal bias, prejudice, sympathy or resentment on your part, or any such personal emotion on your part, enter into your deliberations or affect your verdict in this case."

Williams did not object to the jury charge on this basis. We have also previously decided this issue against Williams's position, and we are not persuaded to reconsider our ruling. *See Lopez v. State,* No. 10-12-00282-CR, 2013 Tex. App. LEXIS 1229 (Tex.App. – Waco Feb. 7, 2013, pet. ref'd); *Paez v. State,* No. 10-12-00091-CR, 2012 Tex.App. LEXIS 9121 (Tex. App. – Waco November 1, 2012, pet. ref'd); *Mathews v. State*, No. 10-12-00046-CR, 2012 Tex. App. LEXIS7480 at *2 (Tex. App.—Waco Aug. 30, 2012, no pet. h.); *Gaither v. State,* No. 10-11-00129-CR, 2012 Tex. App. LEXIS 5252 at *4, (Tex. App.—Waco June 27, 2012, no pet. h.).  We overrule the second issue.

## Conclusion

We affirm the trial court's judgment.


AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed July 23, 2015
Do not publish
[CRPM]

